**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000

Sarah E. Fowler, Bar No. 264838
SFowler@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300

Theresa H. Nguyen, Bar No. 284581
RNguyen@perkinscoie.com
Jessica J. Delacenserie, *pro hac vice*
JDelacenserie@perkinscoie.com
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

Courtney M. Prochnow, Bar No. 292093
CProchnow@perkinscoie.com
**PERKINS COIE LLP**
633 S. Fifth Street, Suite 5850
Los Angeles, California 90071-3537
Telephone: +1.310.788.9900

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PERCEPTIX TECHNOLOGIES LLC and ELECTRONICS TELECOMMUNICATIONS RESEARCH INSTITUTE,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 8:25-cv-01404-DOC-ADS (Lead Case)

Consolidated with Case No. 8:25-cv-02731-DOC-ADS

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT**

Meta Platforms, Inc. ("Meta"), hereby answers the Second Amended Complaint (Dkt. 102, "SAC") filed by Perceptix Technologies LLC ("Perceptix") and Electronics Telecommunications Research Institute ("ETRI") on May 20, 2026. Each of the paragraphs below corresponds to the same numbered paragraph in the SAC. Except as expressly admitted below, Defendant denies each and every allegation in the SAC, including those stated in or implied by headings.

## Nature of the Case[1]

1. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 8,498,439. This document speaks for itself. Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

2. Defendant admits that the SAC purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., but denies that it has committed any act of infringement. Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

## The Parties

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

5. Defendant admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in Menlo Park, California. Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

## Jurisdiction and Venue

[1] Defendant's reproduction herein of the headings set forth in the SAC is solely for convenience; it is not, and should not be construed as, an admission by Defendant that any allegation or other statement in the headings or paragraphs of the SAC, whether explicit or implied, is true, correct, or admitted by Defendant.

6. Defendant admits that the SAC purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. § 271, et seq. and that the SAC purports to state claims over which the Court would have subject matter jurisdiction generally under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

7. Defendant does not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that they have committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

8. Defendant does not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

9. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

10. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly

admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

11. Defendant admits that in 2014 it was known as Facebook, Inc. Defendant admits that in 2014, it acquired Oculus VR, Inc. ("Oculus"). Defendant admits that at the time it acquired Oculus, Oculus was headquartered in Irvine, California. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

12. Defendant admits that at some point after it acquired Oculus, Oculus became part of Reality Labs. Defendant admits that Reality Labs develops virtual and augmented reality technologies. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

13. Defendant admits that it posted a job opening, accessible at https://www.metacareers.com/jobs/8077528815704669/, which speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

14. Defendant admits that it posted a job opening, accessible at https://www.metacareers.com/jobs/8077528815704669/, which speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

15. Defendant admits that it posted a job opening, accessible at https://www.metacareers.com/jobs/8077528815704669/, which speaks for itself.

The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

16. Defendant admits that it posted a job opening, which was previously accessible at https://www.metacareers.com/jobs/538574155436693, which speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

17. Defendant admits that it posted a job opening, which was previously accessible at https://www.metacareers.com/jobs/538574155436693, which speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

18. Defendant does not object to this Court's exercise of jurisdiction over it for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

19. Defendant does not object to venue in this Court for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

**Factual Background**

20. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 8,498,439. This document speaks for itself. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

24. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 8,498,439. This document speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

25. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 8,498,439. This document speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

**The Meta XR Headsets**

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Meta admits that it made public statements concerning login functionality in an August 18, 2020 blogpost titled "A Single Way to Log into Oculus and Unlock Social Features," available at https://www.meta.com/blog/a-single-way-

to-log-into-oculus-and-unlock-social-features/. Meta admits it made public statements concerning advertising in a June 16, 2021 press release titled "Testing In-Headset VR Ads," available at https://about.fb.com/news/2021/06/testing-in-headset-vr-ads/. The documents speak for themselves. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

31. Defendant admits Meta's advertising revenue is generated by displaying ad products on Facebook, Instagram, Messenger, and third-party mobile applications. Defendant admits it reports its financials in its annual 10-K, which speaks for itself. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

32. Defendant admits the Meta Store is a game marketplace for the Quest products. Defendant admits it reports its financials in its annual 10-K, which speaks for itself. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

33. Defendant admits Meta has partners relating to bundled products. Defendant admits the Meta Quest 3S Xbox Edition includes three months of Xbox Games Pass Ultimate and three months of Meta Horizon+. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

## **The Meta AI Headsets**

34. Denied.

35. Denied.

36. Defendant admits it reports its financials in its annual 10-K, which speaks for itself. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

37. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant admits Meta and EssilorLuxottica have a partnership relating to smart eyewear products. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

38. Denied.

39. Defendant admits Ego4D is a collaborative project, seeking to advance the fundamental AI research needed for multimodal machine perception for first-person video understanding. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

40. Denied.

**The Meta AR Headsets**

41. Denied.

42. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant admits a September 25, 2024 blogpost states, "And today, we've pushed that dream closer to reality with the unveiling of Orion, which we believe is the most advanced pair of AR glasses ever made." *See* https://www.meta.com/blog/orion-ar-glasses-augmented-reality/. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

43. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant admits a September 25, 2024 blogpost states, "[AR glasses] seamlessly integrate contextual AI that can sense and understand the world around you in order to anticipate and proactively address your needs." *See* https://www.meta.com/blog/orion-ar-glasses-augmented-reality/. Except

as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

44. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

45. Denied.

46. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Defendant admits Orion was unveiled at Connect 2024 on September 25, 2024. Defendant admits Orion is for internal use only and is not available to consumers. Defendant admits Orion is no longer manufactured and only approximately 1,100 units were manufactured. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

47. Defendant admits Orion is for internal use only and is not available to consumers. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

48. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Defendant admits Orion has been publicly demonstrated, including at Connect 2024. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

**<u>The Meta Headsets</u>**

49. The allegations of this paragraph contain legal conclusions to which no response is required.

**<u>COUNT I</u>**

50. Defendant restates its responses above as if fully set forth herein.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

52. Defendant denies that the Meta Headsets infringe any valid and enforceable claim of U.S. Patent No. 8,498,439.

53. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

54. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

55. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

56. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

57. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

58. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

59. Defendant admits that Exhibits B, C, and D appear to be claim charts. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

60. Denied.

61. Denied.

62. Denied.

63. Defendant admits it routinely releases software and firmware updates. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

64. Defendant admits it routinely releases software and firmware updates. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Defendant admits that it received a letter from Perceptix dated June 26, 2025, that referenced U.S. Patent No. 8,498,439, included a copy of U.S. Patent No. 8,498,439, and included a purported claim chart. Defendant denies that it had actual notice of U.S. Patent No. 8,498,439 on June 26, 2025. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

70. Denied.

71. Denied.

72. Denied.

## Prayer for Relief

No response is required to the Prayer for Relief, but to the extent one is deemed required, Defendant denies that either Plaintiff is entitled to any relief whatsoever.

## Demand for Jury Trial

No response is required to the Demand for Jury Trial.

## ADDITIONAL DEFENSES

Further answering and as additional defenses, Defendant states the following. By raising the following additional defenses, Defendant does not assume the burden of proof on any issue that, as a matter of law, is Plaintiffs' burden to prove. Defendant further does not admit any allegation in the SAC except as expressly admitted in paragraphs 1 through 72, above, and expressly incorporates the admissions and denials in the paragraphs (numbered and unnumbered) above.

### FIRST DEFENSE

The SAC fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant has not directly infringed, and is not directly infringing, any valid and enforceable claim of U.S. Patent No. 8,498,439, either literally or under the doctrine of equivalents. Defendant has not induced or contributed to, and is not inducing or contributing to, infringement of U.S. Patent No. 8,498,439 by others, either literally or under the doctrine of equivalents.

### THIRD DEFENSE

Each and every claim of U.S. Patent No. 8,498,439 is invalid and/or unenforceable for failure to satisfy one or more conditions of patentability, including, without limitation, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or under the doctrine of non-statutory obviousness-type double patenting.

## FOURTH DEFENSE

Plaintiffs' claim for damages, if any, is statutorily limited by the provisions of 35 U.S.C. §§ 286 and/or 287.

## FIFTH DEFENSE

Plaintiffs are estopped by virtue of prior art or conduct and representations during prosecution of U.S. Patent No. 8,498,439 from presenting an interpretation of the claims necessary to find infringement by Meta.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by equitable and/or judicial estoppel.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver and unclean hands.

## EIGHTH DEFENSE

Defendant has a license to engage in the allegedly infringing activity, at least because such activity involves the use of products that are licensed under the "Exclusive Patent License Agreement" between Perceptix and ETRI, executed June 3, 2025 (Dkt. 75-2, "Perceptix/ETRI License"), and amended September 2, 2025, and April 7, 2026.[2]

For example, the Perceptix/ETRI License includes [redacted] Dkt. 75-2, § 2(d), where [redacted]

---

[2] *See* Dkts. 75-3 & 84-2.

[redacted] Meta qualifies as a [redacted]—which is equivalent to a non-exclusive license[3]—because its allegedly infringing products and/or activities involve the use of one or more products that qualify as a [redacted] For example, Plaintiffs' infringement allegations with respect to the accused "Ray-Ban Meta AI glasses" and "Oakley Meta AI glasses," as defined in paragraph 34 of the SAC, are dependent on those products' inclusion and use of [redacted].

The Perceptix/ETRI License also includes [redacted] Dkt. 75-2, § 2(e), where [redacted]

[3] *See, e.g.*, *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009) ("this court and its predecessors have on numerous occasions explained that a non-exclusive patent license is equivalent to a covenant not to sue"); *id*. at 1276 ("The real question, then, is not whether an agreement is framed in terms of a 'covenant not to sue' or a 'license.' That difference is only one of form, not substance.").

[redacted] Meta qualifies as an [redacted]—which is equivalent to a non-exclusive license[4]—because its allegedly infringing products and/or activities involve the use of one or more products that qualify as an [redacted] For example, Plaintiffs' infringement allegations with respect to the accused "Ray-Ban Meta AI glasses" and "Oakley Meta AI glasses," as defined in paragraph 34 of the SAC, are dependent on those products' inclusion and use of an [redacted].

Defendant reserves the right to assert that it possesses and/or could obtain a license to U.S. Patent No. 8,498,439 under one or more of [redacted] based on information that may become available regarding [redacted] through discovery or otherwise. *See* Dkt. 98 (Order Granting-in-Part and Denying-in-Part Defendant's Motion to Dismiss for Lack of Standing or, in the Alternative, to Join a Necessary Party) at 5 ([redacted]).

[4] *See, e.g.*, *TransCore*, 563 F.3d at 1275–76.

## RESERVATION OF RIGHTS

Defendant specifically reserves the right to assert any and all defenses, affirmative or otherwise, that may become available through information developed in discovery or otherwise.

## DEFENDANT'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a jury for all issues and claims so triable.

## DEFENDANT'S PRAYER FOR RELIEF

Wherefore, Defendant seeks the following relief:

A. Dismissal of the SAC with prejudice;

B. Denial of all remedies and relief sought by Plaintiffs; and

C. The Court enter the following judgments: (1) declaring this case to be exceptional under 35 U.S.C. § 285; (2) awarding Defendant its reasonable attorneys' fees and costs incurred in the defense of this action and any related action; and (3) awarding Defendant such other and further relief as the Court may deem just and proper.

Dated: June 3, 2026

**PERKINS COIE LLP**

*/s/ Sarah E. Piepmeier*

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000

Sarah E. Fowler, Bar No. 264838
SFowler@perkinscoie.com
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300

Theresa H. Nguyen, Bar No. 284581
RNguyen@perkinscoie.com
Jessica J. Delacenserie, *pro hac vice*
JDelacenserie@perkinscoie.com
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

Courtney M. Prochnow, Bar No. 292093
CProchnow@perkinscoie.com
633 S. Fifth Street, Suite 5850
Los Angeles, California 90071-3537
Telephone: +1.310.788.9900

*Attorneys for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2026, I caused an unredacted version of the foregoing document to be served via email to all counsel of record for Plaintiffs:

**ORBIT IP LLP**

David A. Randall, dave@orbitip.com

Ehab M. Samuel, esamuel@orbitip.com

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier