**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000

Sarah E. Fowler, Bar No. 264838
SFowler@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300

Theresa H. Nguyen, Bar No. 284581
RNguyen@perkinscoie.com
Jessica J. Delacenserie, *pro hac vice*
JDelacenserie@perkinscoie.com
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

Courtney M. Prochnow, Bar No. 292093
CProchnow@perkinscoie.com
**PERKINS COIE LLP**
633 S. Fifth Street, Suite 5850
Los Angeles, California 90071-3537
Telephone: +1.310.788.9900

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERCEPTIX TECHNOLOGIES LLC and ELECTRONICS TELECOMMUNICATIONS RESEARCH INSTITUTE,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 8:25-cv-02731-DOC-ADS<br><br>Consolidated with Case No. 8:25-cv-01404-DOC-ADS (Lead Case)<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Meta Platforms, Inc. ("Meta"), hereby answers the First Amended Complaint (Dkt. 103, "FAC") filed by Plaintiffs Perceptix Technologies LLC ("Perceptix") and Electronics Telecommunications Research Institute ("ETRI") on May 20, 2026. Each of the paragraphs below corresponds to the same numbered paragraph in the FAC. Except as expressly admitted below, Defendant denies each and every allegation in the FAC, including those stated in or implied by headings.

## Nature of the Case[1]

1. Defendant admits only that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 7,596,393, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph.

2. Defendant admits that the FAC purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., but denies that it has committed any act of infringement. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph.

## The Parties

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

5. Defendant admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in Menlo Park, California. Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

---

[1] Defendant's reproduction herein of the headings set forth in the FAC is solely for convenience; it is not, and should not be construed as, an admission by Defendant that any allegation or other statement in the headings or paragraphs of the FAC, whether explicit or implied, is true, correct, or admitted by Defendant.

**Jurisdiction and Venue**

6. Defendant admits that the FAC purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. § 271, et seq. and that the FAC purports to state claims over which the Court would have subject matter jurisdiction generally under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

7. Defendant does not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

8. Defendant does not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

9. Denied.

10. Denied.

11. Defendant admits that in 2014 it was known as Facebook, Inc. Defendant admits that in 2014, it acquired Oculus VR, Inc. ("Oculus"). Defendant admits that at the time it acquired Oculus, Oculus was headquartered in Irvine, California. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

12. Defendant admits that at some point after it acquired Oculus, Oculus became part of Reality Labs. Defendant admits that Reality Labs develops virtual

and augmented reality technologies. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

13. Defendant admits that a Meta job opening was accessible at https://www.metacareers.com/jobs/412506247949277, which speaks for itself. Defendant is unable to verify the content at the link https://www.metacareers.com/jobs/412506247949277. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

14. Defendant admits that a Meta job opening was accessible at https://www.metacareers.com/jobs/1219686006317218, which speaks for itself. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

15. Defendant admits that a Meta job opening was accessible at https://www.metacareers.com/jobs/8077528815704669/, which speaks for itself. Defendant is unable to verify the content at the link https://www.metacareers.com/jobs/8077528815704669/. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

16. Denied.

16.[2] Defendant admits that a Meta job opening was accessible at https://www.metacareers.com/jobs/504864572715475, which speaks for itself. Defendant is unable to verify the content at the link https://www.metacareers.com/jobs/504864572715475. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

17. Defendant does not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Defendant denies that this

---

[2] The FAC contains two paragraphs numbered 16: the last paragraph on page 4 and the following (first) paragraph on page 5. Defendant responds to these paragraphs in the order presented in the FAC and in paragraphs that are likewise both numbered 16.

venue is convenient or in the interest of justice. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

18. Defendant does not maintain that venue is improper for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

**Factual Background**

19. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 7,596,393, which speaks for itself. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

23. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 7,596,393, which speaks for itself. Except as expressly admitted herein, Defendant denies any remaining allegations set for in this paragraph.

24. Denied.

25. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Defendant admits that the Orion prototype was introduced at Connect 2024 on September 25, 2024. Defendant admits the Orion prototype is not, has not been, and will not be available to consumers. Defendant admits that the Orion prototype has never been sold or offered for sale in

the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

26. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Defendant admits the Orion prototype is not, has not been, and will not be available to consumers. Defendant admits the Orion prototype is no longer manufactured and only approximately 1,100 units of the Orion prototype were made in the United States and/or imported into the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

27. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Defendant admits the Orion prototype has been publicly demonstrated. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

28. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. The Complaint contains no citations from which Defendant can verify the accuracy of the allegations in this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

29. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. The Complaint contains no citations from which Defendant can verify the accuracy of the allegations in this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

30. Defendant denies that Meta has committed any acts of infringement in this District of anywhere in the United States. The Complaint contains no citations from which Defendant can verify the accuracy of the allegations in this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

31. Defendant admits Meta Ray-Ban Display was introduced on September 17, 2025, at Connect 2025. Defendant admits the Meta Ray-Ban Display glasses were available for purchase on September 30, 2025. Meta denies that the Meta Ray-Ban Display Glasses are available for purchase at https://www.meta.com/ai-glasses/shop-all/?utm_productname=display&utm_source=gg&utm_medium=pla&utm_campaig. Meta admits the Meta Ray-Ban Display Glasses and Meta Neural Band are sold together, starting at $799 USD. *See* https://about.fb.com/news/2025/09/meta-ray-ban-display-ai-glasses-emg-wristband/. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted here, Defendant denies any remaining allegations set forth in this paragraph.

32. Defendant denies that Meta has committed any acts of infringement in this District of anywhere in the United States. Defendant lacks knowledge of information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

33. Defendant admits that Meta partners with Essilor Luxottica for Ray-Ban Meta glasses, Oakley glasses, and the Meta Ray-Ban Display Glasses. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

34. Denied.

**COUNT I**

35. Defendant restates its responses above as if fully set forth herein.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

37. Defendant admits that it has posted information at https://www.meta.com/. and on Instagram. These postings speak for themselves. Meta admits that content relating to the Meta Ray-Ban Display glasses is accessible at https://www.instagram.com/reel/DQ6uVBLjpz1/?igsh=NjZiM2M3MzIxNA==;

https://www.instagram.com/reel/DPO-_K0Efcs/?igsh=NjZiM2M3MzIxNA==; and https://www.instagram.com/reel/DO13qm2EXkk/?igsh=NjZiM2M3MzIxNA==. These postings speak for themselves. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Defendant admits that Exhibits B and C appear to be claim charts. Defendant denies that it has committed any acts of infringement in this District of anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

51. Denied.

52. Denied.

53. Denied.

54. Defendant admits that it has posted information at https://www.meta.com/ai-glasses/meta-ray-ban-display/?srsltid=AfmBOoqT7iDigspX-pF3dKiwWvxV_c2WjIbrLjme6f04wkGnEPJXx5-1&utm_source=chatgpt.com,

https://www.meta.com/, and on Instagram. These postings speak for themselves. Defendant further admits that the Meta website provides resources to assist potential customers in scheduling demonstrations of Meta Ray-Ban Display, including demonstrations conducted by third parties such as Best Buy, Lenscrafters, Ray-Ban, and Sunglasses Hut. Defendant admits it releases software and firmware updates. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

55. Defendant admits that the Meta website provides resources to assist potential customers in scheduling demonstrations of Meta Ray-Ban Display, including demonstrations conducted by third parties such as Best Buy, Lenscrafters, Ray-Ban, and Sunglasses Hut. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

56. Defendant admits it releases software and firmware updates. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

57. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. The Complaint contains no citations from which Defendant can verify the accuracy of the allegations in this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

58. Denied.

59. Denied.

60. Denied.

61. Defendant admits that the applicant of record for U.S. Patent Application Nos. 14/461,044, 15/882,858, 16/165,806, 16/577,352, 17/297,449, 16/832,978, 16/833,307, 17/010,689, 17/094,712, 17/469,537, 17/576,815, and 17/979,735 is Meta Platforms Technologies, LLC. Meta admits that U.S. Patent No. 7,596,393 was cited in an Information Disclosure Statement in the prosecution of each of these patent applications. Meta admits that the applicant of record for U.S. Patent Application Nos. 15/659,072, 15/974,430, 15/974,454, 16/557,427, and 16/785,680 is Facebook Technologies, LLC. Meta admits that U.S. Patent No. 7,596,393 was cited in an Information Disclosure Statement in the prosecution of each of these patent applications Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

62. Defendant admits that in 2019, it acquired CTRL-Labs Corporation. Defendant admits that, in connection with that acquisition, Meta Platforms Technologies, LLC acquired rights in the following patents, each of which lists U.S. Patent No. 7,596,393 on its face: U.S. Patent Nos. 10,528,135, 9,299,248, 10,152,082, 9,408,316, 9,483,123, 10,042,422, 10,188,309, 9,600,030, 10,199,008, 9,880,632, 10,078,435. Defendant admits that, in connection with that acquisition, Meta Platforms Technologies, LLC acquired rights in the following patents, each of which lists U.S. Patent Publication No. US20060121958A1 on its face: U.S. Patent Nos. 9,372,535 and 9,367,139. Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

63. Denied.

64. Defendant admits that Perceptix sent a letter dated October 21, 2025 addressed to Jared M. Strumwasser at Meta Platforms, Inc., that referenced U.S. Patent No. 7,596,393, included a copy of U.S. Patent No. 7,596,393, and included a purported claim chart. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly

admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

65. Defendant admits that in connection with the October 21, 2025, letter and the complaints filed in this action and in 8:25-cv-02390-JWH-JDE, it retained counsel to defend it in those actions. Defendant admits that between October 21, 2025, and December 9, 2025, it did not provide a written response to the October 21, 2025 letter to the sender. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

66. Defendant admits that the website available at https://www.meta.com/ai-glasses/meta-ray-bandisplay/?srsltid=AfmBOoqT7iDigspXpF3dKiwWvxV_c2WjIbrLjme6f04wkGnEPJXx5-1&utm_source=chatgpt.com allows prospective customers to schedule a demonstration of Meta Ray-Ban Display Glasses. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

**<u>Prayer for Relief</u>**

No response is required to the Prayer for Relief, but to the extent one is deemed required, Defendant denies that either Plaintiff is entitled to any relief whatsoever.

**<u>Demand for Jury Trial</u>**

No response is required to the Demand for Jury Trial.

## ADDITIONAL DEFENSES

Further answering and as additional defenses, Defendant states the following. By raising the following additional defenses, Defendant does not assume the burden of proof on any issue that, as a matter of law, is Plaintiffs' burden to prove. Defendant further does not admit any allegation in the FAC except as expressly admitted in paragraphs 1 through 71, above, and expressly incorporates the admissions and denials in the paragraphs (numbered and unnumbered) above.

### FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant has not directly infringed, and is not directly infringing, any valid and enforceable claim of U.S. Patent No. 7,596,393, either literally or under the doctrine of equivalents. Defendant has not induced or contributed to, and is not inducing or contributing to, infringement of U.S. Patent No. 7,596,393 by others, either literally or under the doctrine of equivalents.

### THIRD DEFENSE

Each and every claim of U.S. Patent No. 7,596,393 is invalid and/or unenforceable for failure to satisfy one or more conditions of patentability, including, without limitation, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or under the doctrine of non-statutory obviousness-type double patenting.

### FOURTH DEFENSE

Plaintiffs' claim for damages, if any, is statutorily limited by the provisions of 35 U.S.C. §§ 286 and/or 287.

### FIFTH DEFENSE

Plaintiffs are not entitled to seek enhanced damages or attorneys' fees for willful infringement.

### SIXTH DEFENSE

Plaintiffs are estopped by virtue of prior art or conduct and representations during prosecution of U.S. Patent No. 7,596,393 from presenting an interpretation of the claims necessary to find infringement by Meta.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by equitable and/or judicial estoppel.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver and unclean hands.

**NINTH DEFENSE**

Defendant has a license to engage in the allegedly infringing activity, at least because such activity involves the use of products that are licensed under the "Exclusive Patent License Agreement" between Perceptix and ETRI, executed June 3, 2025 (Dkt. 75-2, "Perceptix/ETRI License"), and amended September 2, 2025, and April 7, 2026.[3]

For example, the Perceptix/ETRI License includes [redacted] Dkt. 75-2, § 2(d), where [redacted]

[3] *See* Dkts. 75-3 & 84-2.

[redacted] Meta qualifies as a [redacted]—which is equivalent to a non-exclusive license[4]—because its allegedly infringing products and/or activities involve the use of one or more products that qualify as a [redacted] For example, Plaintiffs' infringement allegations with respect to the accused Meta Ray-Ban Display products are dependent on those products' inclusion and use of [redacted].

The Perceptix/ETRI License also includes [redacted] Dkt. 75-2, § 2(e), where [redacted]

---

[4] *See, e.g.*, *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009) ("this court and its predecessors have on numerous occasions explained that a non-exclusive patent license is equivalent to a covenant not to sue"); *id*. at 1276 ("The real question, then, is not whether an agreement is framed in terms of a 'covenant not to sue' or a 'license.' That difference is only one of form, not substance.").

[redacted] Meta qualifies as an [redacted]—which is equivalent to a non-exclusive license[5]—because its allegedly infringing products and/or activities involve the use of one or more products that qualify as an [redacted] For example, Plaintiffs' infringement allegations with respect to the accused Meta Ray-Ban Display products are dependent on those products' inclusion and use of an [redacted].

Defendant reserves the right to assert that it possesses and/or could obtain a license to U.S. Patent No. 7,596,393 under one or more of [redacted] based on information that may become available regarding [redacted] through discovery or otherwise. *See* Dkt. 98 (Order Granting-in-Part and Denying-in-Part Defendant's Motion to Dismiss for Lack of Standing or, in the Alternative, to Join a Necessary Party) at 5 ([redacted]).

**RESERVATION OF RIGHTS**

Defendant specifically reserves the right to assert any and all defenses, affirmative or otherwise, that may become available through information developed in discovery or otherwise.

**DEFENDANT'S DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a jury for all issues and claims so triable.

[5] *See, e.g.*, *TransCore*, 563 F.3d at 1275–76.

## DEFENDANT'S PRAYER FOR RELIEF

Wherefore, Defendant seeks the following relief:

A. Dismissal of the FAC with prejudice;

B. Denial of all remedies and relief sought by Plaintiffs; and

C. The Court enter the following judgments: (1) declaring this case to be exceptional under 35 U.S.C. § 285; (2) awarding Defendant its reasonable attorneys' fees and costs incurred in the defense of this action and any related action; and (3) awarding Defendant such other and further relief as the Court may deem just and proper.

Dated: June 3, 2026

**PERKINS COIE LLP**

*/s/ Sarah E. Piepmeier*

Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000

Sarah E. Fowler, Bar No. 264838
SFowler@perkinscoie.com
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300

Theresa H. Nguyen, Bar No. 284581
RNguyen@perkinscoie.com
Jessica J. Delacenserie, *pro hac vice*
JDelacenserie@perkinscoie.com
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

Courtney M. Prochnow, Bar No. 292093
CProchnow@perkinscoie.com
633 S. Fifth Street, Suite 5850
Los Angeles, California 90071-3537
Telephone: +1.310.788.9900

*Attorneys for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2026, I caused an unredacted version of the foregoing document to be served via email to all counsel of record for Plaintiffs:

**ORBIT IP LLP**

David A. Randall, dave@orbitip.com

Ehab M. Samuel, esamuel@orbitip.com

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier