PUBLIC VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Sarah E. Piepmeier, Bar No. 227094
sarah.piepmeier@ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000

Sarah E. Fowler, Bar No. 264838
sarah.fowler@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300

Theresa H. Nguyen, Bar No. 284581
RNguyen@perkinscoie.com
Jessica J. Delacenserie, *pro hac vice*
jessica.delacenserie@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

Courtney M. Prochnow, Bar No. 292093
courtney.prochnow@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
633 S. Fifth Street, Suite 5850
Los Angeles, California 90071-3537
Telephone: +1.310.788.9900

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERCEPTIX TECHNOLOGIES LLC and ELECTRONICS TELECOMMUNICATIONS RESEARCH INSTITUTE,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 8:25-cv-01404-DOC-ADS<br><br>Consolidated with Case No. 8:25-cv-02731C-ADS<br><br>**DEFENDANT'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Meta Platforms, Inc. ("Meta"), hereby answers the First Amended Complaint (Dkt. 103, "FAC") filed by Plaintiffs Perceptix Technologies LLC ("Perceptix") and Electronics Telecommunications Research Institute ("ETRI") on May 20, 2026. Each of the paragraphs below corresponds to the same numbered paragraph in the FAC. Except as expressly admitted below, Defendant denies each and every allegation in the FAC, including those stated in or implied by headings.

## Nature of the Case[1]

1. Defendant admits only that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 7,596,393, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph.

2. Defendant admits that the FAC purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., but denies that it has committed any act of infringement. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph.

## The Parties

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

5. Defendant admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in Menlo Park, California. Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

---

[1] Defendant's reproduction herein of the headings set forth in the FAC is solely for convenience; it is not, and should not be construed as, an admission by Defendant that any allegation or other statement in the headings or paragraphs of the FAC, whether explicit or implied, is true, correct, or admitted by Defendant.

## Jurisdiction and Venue

6. Defendant admits that the FAC purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. § 271, et seq. and that the FAC purports to state claims over which the Court would have subject matter jurisdiction generally under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

7. Defendant does not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

8. Defendant does not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

9. Denied.

10. Denied.

11. Defendant admits that in 2014 it was known as Facebook, Inc. Defendant admits that in 2014, it acquired Oculus VR, Inc. ("Oculus"). Defendant admits that at the time it acquired Oculus, Oculus was headquartered in Irvine, California. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

12. Defendant admits that at some point after it acquired Oculus, Oculus became part of Reality Labs. Defendant admits that Reality Labs develops virtual

and augmented reality technologies. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

13. Defendant admits that a Meta job opening was accessible at https://www.metacareers.com/jobs/412506247949277, which speaks for itself. Defendant is unable to verify the content at the link https://www.metacareers.com/jobs/412506247949277. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

14. Defendant admits that a Meta job opening was accessible at https://www.metacareers.com/jobs/1219686006317218, which speaks for itself. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

15. Defendant admits that a Meta job opening was accessible at https://www.metacareers.com/jobs/8077528815704669/, which speaks for itself. Defendant is unable to verify the content at the link https://www.metacareers.com/jobs/8077528815704669/. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

16. Denied.

16.[2] Defendant admits that a Meta job opening was accessible at https://www.metacareers.com/jobs/504864572715475, which speaks for itself. Defendant is unable to verify the content at the link https://www.metacareers.com/jobs/504864572715475. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

17. Defendant does not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Defendant denies that this

---

[2] The FAC contains two paragraphs numbered 16: the last paragraph on page 4 and the following (first) paragraph on page 5. Defendant responds to these paragraphs in the order presented in the FAC and in paragraphs that are likewise both numbered 16.

venue is convenient or in the interest of justice. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

18. Defendant does not maintain that venue is improper for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

## Factual Background

19. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 7,596,393, which speaks for itself. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

23. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 7,596,393, which speaks for itself. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

24. Denied.

25. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Defendant admits that the Orion prototype was introduced at Connect 2024 on September 25, 2024. Defendant admits the Orion prototype is not, has not been, and will not be available to consumers. Defendant admits that the Orion prototype has never been sold or offered for sale in

the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

26. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Defendant admits the Orion prototype is not, has not been, and will not be available to consumers. Defendant admits the Orion prototype is no longer manufactured and only approximately 1,100 units of the Orion prototype were made in the United States and/or imported into the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

27. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Defendant admits the Orion prototype has been publicly demonstrated. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

28. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. The Complaint contains no citations from which Defendant can verify the accuracy of the allegations in this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

29. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. The Complaint contains no citations from which Defendant can verify the accuracy of the allegations in this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

30. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. The Complaint contains no citations from which Defendant can verify the accuracy of the allegations in this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

31. Defendant admits Meta Ray-Ban Display was introduced on September 17, 2025, at Connect 2025. Defendant admits the Meta Ray-Ban Display glasses were available for purchase on September 30, 2025. Meta denies that the Meta Ray-Ban Display Glasses are available for purchase at https://www.meta.com/ai-glasses/shop-all/?utm_productname=display&utm_source=gg&utm_medium=pla&utm_campaig. Meta admits the Meta Ray-Ban Display Glasses and Meta Neural Band are sold together, starting at $799 USD. *See* https://about.fb.com/news/2025/09/meta-ray-ban-display-ai-glasses-emg-wristband/. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

32. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

33. Defendant admits that Meta partners with Essilor Luxottica for Ray-Ban Meta glasses, Oakley glasses, and the Meta Ray-Ban Display Glasses. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

34. Denied.

**COUNT I**

35. Defendant restates its responses above as if fully set forth herein.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

37. Defendant admits that it has posted information at https://www.meta.com/. and on Instagram. These postings speak for themselves. Meta admits that content relating to the Meta Ray-Ban Display glasses is accessible at https://www.instagram.com/reel/DQ6uVBLjpz1/?igsh=NjZiM2M3MzIxNA==;

https://www.instagram.com/reel/DPO-_K0Efcs/?igsh=NjZiM2M3MzIxNA==; and https://www.instagram.com/reel/DO13qm2EXkk/?igsh=NjZiM2M3MzIxNA==. These postings speak for themselves. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Defendant admits that Exhibits B and C appear to be claim charts. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

51. Denied.

52. Denied.

53. Denied.

54. Defendant admits that it has posted information at https://www.meta.com/ai-glasses/meta-ray-ban-display/?srsltid=AfmBOoqT7iDigspX-pF3dKiwWvxV_c2WjIbrLjme6f04wkGnEPJXx5-1&utm_source=chatgpt.com,

https://www.meta.com/, and on Instagram. These postings speak for themselves. Defendant further admits that the Meta website provides resources to assist potential customers in scheduling demonstrations of Meta Ray-Ban Display, including demonstrations conducted by third parties such as Best Buy, Lenscrafters, Ray-Ban, and Sunglasses Hut. Defendant admits it releases software and firmware updates. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

55. Defendant admits that the Meta website provides resources to assist potential customers in scheduling demonstrations of Meta Ray-Ban Display, including demonstrations conducted by third parties such as Best Buy, Lenscrafters, Ray-Ban, and Sunglasses Hut. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

56. Defendant admits it releases software and firmware updates. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

57. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. The Complaint contains no citations from which Defendant can verify the accuracy of the allegations in this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

58. Denied.

59. Denied.

60. Denied.

61. Defendant admits that the applicant of record for U.S. Patent Application Nos. 14/461,044, 15/882,858, 16/165,806, 16/577,352, 17/297,449, 16/832,978, 16/833,307, 17/010,689, 17/094,712, 17/469,537, 17/576,815, and 17/979,735 is Meta Platforms Technologies, LLC. Meta admits that U.S. Patent No. 7,596,393 was cited in an Information Disclosure Statement in the prosecution of each of these patent applications. Meta admits that the applicant of record for U.S. Patent Application Nos. 15/659,072, 15/974,430, 15/974,454, 16/557,427, and 16/785,680 is Facebook Technologies, LLC. Meta admits that U.S. Patent No. 7,596,393 was cited in an Information Disclosure Statement in the prosecution of each of these patent applications. Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

62. Defendant admits that in 2019, it acquired CTRL-Labs Corporation. Defendant admits that, in connection with that acquisition, Meta Platforms Technologies, LLC acquired rights in the following patents, each of which lists U.S. Patent No. 7,596,393 on its face: U.S. Patent Nos. 10,528,135, 9,299,248, 10,152,082, 9,408,316, 9,483,123, 10,042,422, 10,188,309, 9,600,030, 10,199,008, 9,880,632, 10,078,435. Defendant admits that, in connection with that acquisition, Meta Platforms Technologies, LLC acquired rights in the following patents, each of which lists U.S. Patent Publication No. US20060121958A1 on its face: U.S. Patent Nos. 9,372,535 and 9,367,139. Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

63. Denied.

64. Defendant admits that Perceptix sent a letter dated October 21, 2025 addressed to Jared M. Strumwasser at Meta Platforms, Inc., that referenced U.S. Patent No. 7,596,393, included a copy of U.S. Patent No. 7,596,393, and included a purported claim chart. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly

admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

65. Defendant admits that in connection with the October 21, 2025, letter and the complaints filed in this action and in 8:25-cv-02390-JWH-JDE, it retained counsel to defend it in those actions. Defendant admits that between October 21, 2025, and December 9, 2025, it did not provide a written response to the October 21, 2025 letter to the sender. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

66. Defendant admits that the website available at https://www.meta.com/ai-glasses/meta-ray-bandisplay/?srsltid=AfmBOoqT7iDigspXpF3dKiwWvxV_c2WjIbrLjme6f04wkGnEPJXx5-1&utm_source=chatgpt.com allows prospective customers to schedule a demonstration of Meta Ray-Ban Display Glasses. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## **Prayer for Relief**

No response is required to the Prayer for Relief, but to the extent one is deemed required, Defendant denies that either Plaintiff is entitled to any relief whatsoever.

## **Demand for Jury Trial**

No response is required to the Demand for Jury Trial.

## ADDITIONAL DEFENSES

Further answering and as additional defenses, Defendant states the following. By raising the following additional defenses, Defendant does not assume the burden of proof on any issue that, as a matter of law, is Plaintiffs' burden to prove. Defendant further does not admit any allegation in the FAC except as expressly admitted in paragraphs 1 through 71, above, and expressly incorporates the admissions and denials in the paragraphs (numbered and unnumbered) above.

### FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted.

Plaintiffs have not adequately explained why the Orion prototype or Meta Ray-Ban Display practices each and every limitation of those claims, and their claim charts and other disclosures to date fail to provide Defendant sufficient notice of their infringement theories. In addition, the Orion prototype is not a product; it is a prototype that has never been and will never be offered for sale, is not and has not been available to consumers and is no longer manufactured.

### SECOND DEFENSE

Defendant has not directly infringed, and is not directly infringing, any valid and enforceable claim of U.S. Patent No. 7,596,393, either literally or under the doctrine of equivalents. Defendant has not induced or contributed to, and is not inducing or contributing to, infringement of U.S. Patent No. 7,596,393 by others, either literally or under the doctrine of equivalents. By way of example only, Meta provides the following exemplary descriptions of certain reasons that Meta does not infringe any asserted claim.

Meta Ray-Ban Display is not, does not comprise, and is not a material part of, a "wearable mobile phone," as recited in the asserted claims, either literally or under the doctrine of equivalents. The parties have agreed that the preambles of independent claims 1 and 6 are limiting. Nothing in U.S. Patent No. 7,596,393 supports Plaintiffs' assertion that Meta Ray-Ban Display is a "phone," a "mobile

phone," or a "wearable mobile phone"; rather, the specification describes a wearable mobile phone using EMG to determine button information to be inputted to the mobile phone and to allow the user to input information related to operation of the mobile phone without using input keys. Moreover, the specification describes input signals corresponding to mobile phone keys 0 to 9, *, #, call, menu, power, cancel, confirmation, and browser keys.

Meta Ray-Ban Display does not include "an EMG transferring unit connected to the EMG measuring unit for transferring the EMG measured by the EMG measuring unit," as recited in claim 1, either literally or under the doctrine of equivalents. Plaintiffs have not identified a structural "EMG transferring unit" that satisfies this limitation or demonstrated that the accused products transfer the "EMG measured by the EMG measuring unit."

Meta Ray-Ban Display does not include "an EMG determining unit mounted to one side of the EMG transferring unit for receiving EMG from the EMG transferring unit to determine the hand motion and extract an input signal for the mobile phone corresponding to the hand motion," as recited in claim 1, either literally or under the doctrine of equivalents. Plaintiffs have not identified structures satisfying the claimed "EMG transferring unit" and "EMG determining unit" in the claimed structural relationship, including the claimed "mounted to one side of" relationship. Plaintiffs also have not demonstrated that the accused products "extract an input signal for the mobile phone corresponding to the hand motion."

Meta Ray-Ban Display does not include "a mobile phone functioning unit receiving the input signal from the EMG determining unit for functioning the mobile function and having an antenna and a sound transferring device," as recited in claim 1, either literally or under the doctrine of equivalents. Plaintiffs have not plausibly alleged that the accused products satisfy the claimed "mobile phone functioning unit," "mobile function," or "mobile phone function" limitations.

Claim 2 depends from claim 1 and is not infringed for at least the same reasons claim 1 is not infringed, and at least because the content Plaintiffs identify as displayed by Meta Ray-Ban Display is not "a result determined by the EMG determining unit or screen information related to the mobile phone functioning unit." Claim 5 depends from claim 1 and is not infringed for at least the same reasons, and at least because Plaintiffs have not plausibly alleged an "input signal corresponding to a browser key." Claim 6 is not infringed at least because Meta Ray-Ban Display does not perform "a method of controlling an input unit for a wearable mobile phone using EMG generated by hand motion of a user"; the accused method does not "extract an input signal for the mobile phone" and does not receive "the input signal for the mobile phone to perform a mobile phone function"; and the Meta Neural Band does not send mobile phone button, key, or control information for operating a mobile phone or performing a mobile phone function. Claim 9 depends from claim 6 and is not infringed for at least the same reasons, and at least because Plaintiffs have not plausibly alleged an "input signal corresponding to a browser key."

The Orion prototype does not infringe the asserted claims for at least the following reasons. First, it is not a product; it is a prototype that has never been and will never be offered for sale. It is not, does not comprise, and is not a material part of, a "wearable mobile phone." Plaintiffs have not identified distinct structures satisfying the claimed "EMG transferring unit" and "EMG determining unit" in the claimed structural relationship. Plaintiffs have not identified claimed structures or the claimed "mounted to one side of" relationship. There is no plausible basis for Plaintiffs' assertion that inputs for the AR glasses are "an input signal for the mobile phone," and AR or display functions do not satisfy the claimed "mobile function" or "mobile phone function."

Plaintiffs' inducement allegations fail at least as to claims 1, 2, and 5 for at least the reason that those are system claims rather than method claims and the only alleged acts of direct infringement by others are uses of the accused products. There

is no direct infringement upon which indirect infringement can be based at least because the accused products do not satisfy the limitations of any asserted claim. Defendant did not and does not have the intent to induce infringement or the knowledge of infringement required for Plaintiffs' indirect infringement allegations, and the accused products have substantial non-infringing uses unrelated to the accused functionality.

Plaintiffs' contributory infringement allegations fail at least because Plaintiffs do not identify any product other than the accused products that allegedly directly infringes the asserted claims, much less explain why the accused products are a component of any such other product constituting a material part of the claimed invention, especially made or especially adapted for infringing use, and not a staple article or commodity of commerce suitable for substantial non-infringing use. As to claims 6 and 9, which are method claims, making, selling, offering to sell, or importing a product does not itself directly infringe a method claim, and Plaintiffs have not identified facts showing performance of each step by Defendant or by any single direct infringer, or facts sufficient to attribute any such performance to Defendant.

## THIRD DEFENSE

Each and every claim of U.S. Patent No. 7,596,393 is invalid and/or unenforceable for failure to satisfy one or more conditions of patentability, including, without limitation, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or under the doctrine of non-statutory obviousness-type double patenting.

Solely for purposes of this defense, and without admitting that any asserted claim is entitled to that date, Defendant assumes the December 6, 2004 priority date alleged in the FAC. Based on the information obtained to date, Defendant contends that the asserted claims are anticipated and/or rendered obvious under pre-AIA 35 U.S.C. sections 102 and 103 by prior art references including, without limitation, U.S. Patent Nos. 5,482,051 (Reddy), 5,844,824 (Newman), 6,244,873 (Hill),

6,380,923 (Fukumoto), 6,573,883 (Bartlett), 6,720,984 (Jorgensen), and 6,771,294 (Pulli); U.S. Publication Nos. 2002/0009972 (Amento), 2002/0171680 (Beranek), and 2004/0068409 (Tanaka); Japanese Publication Nos. H07-248873 (Akagi), H10-200610 (Fukumoto), and H11-338597 (Fukumoto); Korean Publication No. 10-2004-0066602 (S. Kim); K. Wheeler & C. Jorgensen, Gestures as Input: Neuroelectric Joysticks and Keyboards, IEEE Pervasive Computing, Vol. 2, No. 2, at 56-61 (April 2003); K. Wheeler, Device Control Using Gestures Sensed from EMG, IEEE International Workshop on Soft Computing in Industrial Applications, at 1-6 (June 2003); J. Kim et al., A New Means of HCI: EMG-MOUSE, 1 Proceedings of the 2004 IEEE International Conference on Systems, Man and Cybernetics, at 100-104 (2004); H. Jeong & J.S. Choi, An EMG-Controlled Graphic Interface Considering Wearability, in Human-Computer Interaction INTERACT '03, at 958-961 (2003); M. Goldstein & D. Chincholle, The Finger-Joint Gesture Wearable Keypad, Second Workshop on Human Computer Interaction with Mobile Devices, at 9-18 (1999); and E. Costanza et al., EMG as a Subtle Input Interface for Mobile Computing, Proceedings of the 6th International Symposium on Mobile Human-Computer Interaction, at 426-430 (2004). Defendant also incorporates by reference all prior art references cited on the face of U.S. Patent No. 7,596,393 and in its prosecution history. To the extent any such reference does not anticipate an asserted claim, that reference, either alone or in combination with the knowledge of a person having ordinary skill in the art and/or the other references identified above, renders the claim obvious. Based on the information obtained to date, Defendant is not aware of any secondary considerations that contradict the obviousness of the asserted claims in view of the prior art.

Based on the information obtained to date, Defendant contends that the asserted claims are invalid under 35 U.S.C. section 101 for at least the following reasons. The claims recite a "wearable mobile phone" using "electromyography (EMG)" to perform a number of functions: receiving a biological signal, such as hand

motion; determining what that biological signal was; and performing a function on a phone corresponding to the hand motion. Stripped to its essence, that is a process of data gathering, data interpretation, and action execution, and the recited steps are simply a combination of the abstract ideas of collecting motion information, analyzing that motion information, and outputting the result of the analysis. That conventional sense-interpret-act data-processing sequence is a mental process that could be performed in the human mind, because a person can observe hand motion and decide what phone function to execute. The claims are directed to the abstract processes themselves and do not recite an inventive concept. The patent does not disclose anything non-generic, unconventional, or inventive about the structure, configuration, or use of any component. The disclosed EMG sensors are conventional: the specification describes the component for achieving the claimed function only as an "EMG measuring sensor," EMG measurement technology was well known in the biomedical field at the time of the purported invention, and the patent itself states that the invention is "not limited to the number and position of the sensors" without disclosing specific corresponding structure. Likewise, the "EMG determining unit" is described only in terms of what it does, namely determining hand motion and extracting an input signal, and not by any particular algorithm or hardware structure. The mapping of hand gestures to inputs is likewise arbitrary and conventional; the dependent claims merely specify particular finger-to-key correspondences, such as pushing down twelve knuckles to map to the 0 through 9, *, and # keys, which is a design choice rather than a technical innovation.

Based on the information obtained to date, Defendant contends that the asserted claims are invalid under pre-AIA 35 U.S.C. section 112, paragraph 1, at least because there is nothing in the specification of U.S. Patent No. 7,596,393 from which a person having ordinary skill in the art could reasonably conclude that the inventors had possession of, or that would instruct such a person how to practice, at least the following limitations: "to determine the hand motion and extract an input signal for

the mobile phone corresponding to the hand motion"; "determining the hand motion of the user through the EMG to extract an input signal for the mobile phone corresponding to the hand motion"; and "extracts an input signal corresponding to a browser key from the hand motion of the user in which the user moves a thumb up and down, and left and right."

Based on the information obtained to date, Defendant contends that the asserted claims are also invalid under pre-AIA 35 U.S.C. section 112, paragraph 2, at least because U.S. Patent No. 7,596,393 fails to specify with reasonable certainty the scope of at least the following limitations: "EMG determining unit"; "for functioning the mobile function" and "the mobile function"; "sound transferring device"; and "an input signal corresponding to a browser key." Defendant further contends that the limitations "EMG determining unit," "mobile phone functioning unit," "EMG transferring unit," and "EMG measuring unit" are governed by pre-AIA 35 U.S.C. section 112, paragraph 6.

Based on Defendant's investigation to date, it appears that ETRI and the named inventors made an improper claim to inventorship of U.S. Patent No. 7,596,393. While working at ETRI in the 2003 timeframe, ETRI employees H. Jeong and J.S. Choi suggested that EMG electrodes should be located on a circle around the forearm and designed a device prototype for attaching EMG electrodes on a forearm without an adhesive, with the electrodes mounted to an attaching device of a band type. See H. Jeong & J.S. Choi, An EMG-Controlled Graphic Interface Considering Wearability, in Human-Computer Interaction INTERACT '03, at 958-961 (2003). Through that prototype, five wrist motions could be classified well, namely up, down, left, right, or click, with the motion for click defined as the grip of a hand; using the prototype, the EMG-controlled graphic interface could control a cursor's movements easily; and the design was intended to be viable for a wearable computer. In addition, while working at ETRI in the 2004 timeframe, ETRI employees Jong-Sung Kim, Hyuk Jeong, and Wookho Son developed an EMG-MOUSE system that controls

movements of a cursor, which are interpretations of six predefined wrist motions: up, down, left, right, click, and rest, with the motion for a click defined as the grip of a hand. See Jong-Sung Kim et al., A New Means of HCI: EMG-MOUSE, 1 Proceedings of the 2004 IEEE International Conference on Systems, Man and Cybernetics, at 100-104 (2004). The hardware was designed in a way that electrodes are located on a circular arm-band which wraps around the forearm, a design chosen to emphasize wearability; six distinctive motions can be classified well; and in this way the human's arm muscle movements can be interpreted and transformed into computer control commands. Based on Defendant's investigation to date and these disclosures, ETRI employees H. Jeong and/or Hyuk Jeong, J.S. Choi, Jong-Sung Kim, and Wookho Son contributed to the conception and/or reduction to practice of U.S. Patent No. 7,596,393 and should have been named as inventors. Pre-AIA 35 U.S.C. section 102(f) provided that a person shall not be entitled to a patent if he did not himself invent the subject matter sought to be patented, and a patent is invalid if more or less than the true inventors are named.

Based on Defendant's investigation to date, it further appears that ETRI and the inventors failed to disclose material prior art to the Patent Office during prosecution of U.S. Patent No. 7,596,393. On or around September 1-5, 2003, ETRI employees H. Jeong and J.S. Choi published the paper described above, which is dated more than one year before the earliest possible priority date of U.S. Patent No. 7,596,393. On or around October 10-13, 2004, ETRI employees Jong-Sung Kim, Hyuk Jeong, and Wookho Son published the EMG-MOUSE paper described above, which was published before the earliest possible priority date of U.S. Patent No. 7,596,393 and which references work that took place even earlier. These two papers are material prior art of which ETRI and/or the inventors were certainly aware. To the extent the failure to disclose these references, or the failure to name the correct inventors, was intentional, it may constitute fraud, inequitable conduct, and/or a

violation of the duty of disclosure that would render U.S. Patent No. 7,596,393 invalid or unenforceable.

**FOURTH DEFENSE**

Plaintiffs' claim for damages, if any, is statutorily limited by the provisions of 35 U.S.C. §§ 286 and/or 287.

Defendant first became aware of the '393 Patent, the '333 Application, and the '875 Korean Application on or around October 22, 2025, when Perceptix filed suit against Meta in Case No. 8:25-cv-02390-JWH-JDE (C.D. Cal.), which was voluntarily dismissed on December 19, 2025. On or around October 21, 2025, Perceptix sent a letter identifying the '393 Patent via FedEx to Jared Strumwasser of Meta's legal department at his office address; that letter, sent one business day before Perceptix filed its initial suit, is legally insufficient to provide pre-suit notice of the patent. Defendant therefore received notice of the '393 Patent no earlier than on or around October 22, 2025, and Plaintiffs' damages, if any, are limited accordingly. In addition, the Orion prototype has never been sold or offered for sale in the United States, is not and has not been available to consumers, and is no longer manufactured, and only approximately 1,100 units were made in and/or imported into the United States. Meta Ray-Ban Display was introduced on September 17, 2025, and first became available for purchase on September 30, 2025.

**FIFTH DEFENSE**

Plaintiffs are not entitled to seek enhanced damages or attorneys' fees for willful infringement.

Defendant first became aware of the '393 Patent on or around October 22, 2025, when Perceptix filed suit in Case No. 8:25-cv-02390-JWH-JDE (C.D. Cal.). The October 21, 2025 letter sent to Jared Strumwasser one business day before that filing is legally insufficient to provide pre-suit notice of the patent. Upon receiving notice, Defendant retained outside counsel to investigate the allegations and defend against the suit. Defendant has had no reason to design around the claims of the '393

Patent at least because those claims are invalid and not infringed, and Defendant is not aware of any effort to do so.

### SIXTH DEFENSE

Plaintiffs are estopped by virtue of prior art or conduct and representations during prosecution of U.S. Patent No. 7,596,393 from presenting an interpretation of the claims necessary to find infringement by Meta.

Defendant relies on at least the following allegations and incorporates its Third Defense by reference. Based on Defendant's investigation to date, ETRI and the inventors failed to disclose material prior art to the Patent Office during prosecution of U.S. Patent No. 7,596,393. To the extent the failure to disclose these references, or the failure to name the correct inventors, was intentional, it may constitute fraud, inequitable conduct, and/or a violation of the duty of disclosure that would render U.S. Patent No. 7,596,393 invalid or unenforceable. To the extent Plaintiffs interpret "wearable mobile phone" broadly enough to encompass non-phones, Defendant contends that the asserted claims are anticipated and/or rendered obvious under pre-AIA 35 U.S.C. sections 102 and 103 by prior art including, without limitation, the two papers identified in the Third Defense.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by equitable and/or judicial estoppel.

Defendant incorporates by reference the allegations in its Third and Sixth Defenses. To the extent Plaintiffs rely on a distinction between phones and non-phones to contend that, e.g., the two papers were not material to prosecution, Defendant contends that such a position is inconsistent with interpreting "wearable mobile phone" broadly enough to encompass non-phones.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, unclean hands, and inequitable conduct.

Defendant incorporates by reference the allegations set forth in its Third Defense regarding the failure of ETRI and the inventors to disclose material prior art to the Patent Office during prosecution of the ’393 Patent and to name the correct inventors.

## NINTH DEFENSE

Defendant has a license to engage in the allegedly infringing activity, at least because such activity involves the use of products that are licensed under the “Exclusive Patent License Agreement” between Perceptix and ETRI, executed June 3, 2025 (Dkt. 75-2, “Perceptix/ETRI License”), and amended September 2, 2025, and April 7, 2026.[3]

For example, the Perceptix/ETRI License includes [redacted] Dkt. 75-2, § 2(d), where [redacted]

[3] *See* Dkts. 75-3 & 84-2.

[redacted] Meta qualifies as a [redacted]—which is equivalent to a non-exclusive license[4]—at least because its allegedly infringing products and/or activities involve the use of one or more products that qualify as a [redacted] For example, Plaintiffs' infringement allegations with respect to the accused Meta Ray-Ban Display products are dependent on those products' inclusion and use of [redacted].

The Perceptix/ETRI License also includes [redacted] Dkt. 75-2, § 2(e), where [redacted] Meta qualifies as an [redacted]—which is equivalent to a non-exclusive license[5]—at least because its allegedly infringing products and/or activities involve the use of one or more products that qualify as an [redacted] For example, Plaintiffs' infringement allegations with respect to

---

[4] *See, e.g.*, *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009) ("this court and its predecessors have on numerous occasions explained that a non-exclusive patent license is equivalent to a covenant not to sue"); *id.* at 1276 ("The real question, then, is not whether an agreement is framed in terms of a 'covenant not to sue' or a 'license.' That difference is only one of form, not substance.").

[5] *See, e.g.*, *TransCore*, 563 F.3d at 1275–76.

the accused Meta Ray-Ban Display products are dependent on those products' inclusion and use of an [redacted].

Defendant reserves the right to assert that it possesses and/or could obtain a license to U.S. Patent No. 7,596,393 under one or more of [redacted], based on information that may become available regarding [redacted] through discovery or otherwise. *See* Dkt. 98 (Order Granting-in-Part and Denying-in-Part Defendant's Motion to Dismiss for Lack of Standing or, in the Alternative, to Join a Necessary Party) at 5 [redacted]

**RESERVATION OF RIGHTS**

Defendant specifically reserves the right to assert any and all defenses, affirmative or otherwise, that may become available through information developed in discovery or otherwise.

**DEFENDANT'S DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a jury for all issues and claims so triable.

**DEFENDANT'S PRAYER FOR RELIEF**

Wherefore, Defendant seeks the following relief:

A. Dismissal of the FAC with prejudice;

B. Denial of all remedies and relief sought by Plaintiffs; and

C. The Court enter the following judgments: (1) declaring this case to be exceptional under 35 U.S.C. § 285; (2) awarding Defendant its reasonable attorneys' fees and costs incurred in the defense of this action and any related action; and (3)

awarding Defendant such other and further relief as the Court may deem just and proper.

Dated: October 13, 2026

**ASHURST PERKINS COIE US LLP**

*/s/ Sarah E. Piepmeier*


Sarah E. Piepmeier, Bar No. 227094
sarah.piepmeier@ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000

Sarah E. Fowler, Bar No. 264838
sarah.fowler@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300

Theresa H. Nguyen, Bar No. 284581
RNguyen@perkinscoie.com
Jessica J. Delacenserie, *pro hac vice*
jessica.delacenserie@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

Courtney M. Prochnow, Bar No. 292093
courtney.prochnow@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
633 S. Fifth Street, Suite 5850
Los Angeles, California 90071-3537
Telephone: +1.310.788.9900

*Attorneys for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, I caused an unredacted version of the foregoing document to be served via email to all counsel of record for Plaintiffs:

**ORBIT IP LLP**

David A. Randall, dave@orbitip.com

Paul G. Novak, paul@orbitip.com

Ehab M. Samuel, esamuel@orbitip.com

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier