**PUBLIC VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Sarah E. Piepmeier, Bar No. 227094
sarah.piepmeier@ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000

Sarah E. Fowler, Bar No. 264838
sarah.fowler@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300

Theresa H. Nguyen, Bar No. 284581
RNguyen@perkinscoie.com
Jessica J. Delacenserie, *pro hac vice*
jessica.delacenserie@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

Courtney M. Prochnow, Bar No. 292093
courtney.prochnow@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
633 S. Fifth Street, Suite 5850
Los Angeles, California 90071-3537
Telephone: +1.310.788.9900

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PERCEPTIX TECHNOLOGIES LLC and ELECTRONICS TELECOMMUNICATIONS RESEARCH INSTITUTE,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 8:25-cv-01404-DOC-ADS (Lead Case)

Consolidated with Case No. 8:25-cv-02731-DOC-ADS

**DEFENDANT'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT**

Meta Platforms, Inc. ("Meta"), hereby answers the Second Amended Complaint (Dkt. 102, "SAC") filed by Perceptix Technologies LLC ("Perceptix") and Electronics Telecommunications Research Institute ("ETRI") on May 20, 2026. Each of the paragraphs below corresponds to the same numbered paragraph in the SAC. Except as expressly admitted below, Defendant denies each and every allegation in the SAC, including those stated in or implied by headings.

## **Nature of the Case**[1]

1. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 8,498,439. This document speaks for itself. Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

2. Defendant admits that the SAC purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., but denies that it has committed any act of infringement. Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

## **The Parties**

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

5. Defendant admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in Menlo Park, California. Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

[1] Defendant's reproduction herein of the headings set forth in the SAC is solely for convenience; it is not, and should not be construed as, an admission by Defendant that any allegation or other statement in the headings or paragraphs of the SAC, whether explicit or implied, is true, correct, or admitted by Defendant.

## Jurisdiction and Venue

6. Defendant admits that the SAC purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. § 271, et seq. and that the SAC purports to state claims over which the Court would have subject matter jurisdiction generally under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Defendant denies any remaining allegations in this paragraph.

7. Defendant does not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that they have committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

8. Defendant does not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

9. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

10. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly

admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

11. Defendant admits that in 2014 it was known as Facebook, Inc. Defendant admits that in 2014, it acquired Oculus VR, Inc. ("Oculus"). Defendant admits that at the time it acquired Oculus, Oculus was headquartered in Irvine, California. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

12. Defendant admits that at some point after it acquired Oculus, Oculus became part of Reality Labs. Defendant admits that Reality Labs develops virtual and augmented reality technologies. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

13. Defendant admits that it posted a job opening, accessible at https://www.metacareers.com/jobs/8077528815704669/, which speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

14. Defendant admits that it posted a job opening, accessible at https://www.metacareers.com/jobs/8077528815704669/, which speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

15. Defendant admits that it posted a job opening, accessible at https://www.metacareers.com/jobs/8077528815704669/, which speaks for itself.

The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

16. Defendant admits that it posted a job opening, which was previously accessible at https://www.metacareers.com/jobs/538574155436693, which speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

17. Defendant admits that it posted a job opening, which was previously accessible at https://www.metacareers.com/jobs/538574155436693, which speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

18. Defendant does not object to this Court's exercise of jurisdiction over it for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

19. Defendant does not object to venue in this Court for the purposes of this action only, but Defendant denies that this venue is convenient or in the interest of justice. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

**Factual Background**

20. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 8,498,439. This document speaks for itself. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

24. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 8,498,439. This document speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

25. Defendant admits that the document attached as Exhibit A appears to be a copy of U.S. Patent No. 8,498,439. This document speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

**The Meta XR Headsets**

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Meta admits that it made public statements concerning login functionality in an August 18, 2020 blogpost titled "A Single Way to Log into Oculus

and Unlock Social Features," available at https://www.meta.com/blog/a-single-way-to-log-into-oculus-and-unlock-social-features/. Meta admits it made public statements concerning advertising in a June 16, 2021 press release titled "Testing In-Headset VR Ads," available at https://about.fb.com/news/2021/06/testing-in-headset-vr-ads/. The documents speak for themselves. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

31. Defendant admits Meta's advertising revenue is generated by displaying ad products on Facebook, Instagram, Messenger, and third-party mobile applications. Defendant admits it reports its financials in its annual 10-K, which speaks for itself. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

32. Defendant admits the Meta Store is a game marketplace for the Quest products. Defendant admits it reports its financials in its annual 10-K, which speaks for itself. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

33. Defendant admits Meta has partners relating to bundled products. Defendant admits the Meta Quest 3S Xbox Edition includes three months of Xbox Games Pass Ultimate and three months of Meta Horizon+. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

## **The Meta AI Headsets**

34. Denied.

35. Denied.

36. Defendant admits it reports its financials in its annual 10-K, which speaks for itself. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

37. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant admits Meta and EssilorLuxottica have a partnership relating to smart eyewear products. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

38. Denied.

39. Defendant admits Ego4D is a collaborative project, seeking to advance the fundamental AI research needed for multimodal machine perception for first-person video understanding. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

40. Denied.

**The Meta AR Headsets**

41. Denied.

42. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant admits a September 25, 2024 blogpost states, "And today, we've pushed that dream closer to reality with the unveiling of Orion, which we believe is the most advanced pair of AR glasses ever made." *See* https://www.meta.com/blog/orion-ar-glasses-augmented-reality/. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

43. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant admits a September 25, 2024 blogpost states, "[AR glasses] seamlessly integrate contextual AI that can sense and understand the world around you in order to anticipate and proactively address your needs." *See* https://www.meta.com/blog/orion-ar-glasses-augmented-reality/. Except

as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

44. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

45. Denied.

46. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Defendant admits Orion was unveiled at Connect 2024 on September 25, 2024. Defendant admits Orion is for internal use only and is not available to consumers. Defendant admits Orion is no longer manufactured and only approximately 1,100 units were manufactured. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

47. Defendant admits Orion is for internal use only and is not available to consumers. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

48. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Defendant admits Orion has been publicly demonstrated, including at Connect 2024. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

**The Meta Headsets**

49. The allegations of this paragraph contain legal conclusions to which no response is required.

## COUNT I

50. Defendant restates its responses above as if fully set forth herein.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

52. Defendant denies that the Meta Headsets infringe any valid and enforceable claim of U.S. Patent No. 8,498,439.

53. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

54. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

55. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

56. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

57. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

58. The allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that it has committed any acts of infringement

in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

59. Defendant admits that Exhibits B, C, and D appear to be claim charts. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

60. Denied.

61. Denied.

62. Denied.

63. Defendant admits it routinely releases software and firmware updates. Defendant denies that it has committed any acts of infringement in this District or anywhere in the United States. Defendant denies any remaining allegations set forth in this paragraph.

64. Defendant admits it routinely releases software and firmware updates. The remaining allegations of this paragraph contain legal conclusions to which no response is required. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Defendant admits that it received a letter from Perceptix dated June 26, 2025, that referenced U.S. Patent No. 8,498,439, included a copy of U.S. Patent No. 8,498,439, and included a purported claim chart. Defendant denies that it had actual notice of U.S. Patent No. 8,498,439 on June 26, 2025. Defendant denies that Meta has committed any acts of infringement in this District or anywhere in the United

States. Except as expressly admitted herein, Defendant denies any remaining allegations set forth in this paragraph.

70. Denied.

71. Denied.

72. Denied.

**Prayer for Relief**

No response is required to the Prayer for Relief, but to the extent one is deemed required, Defendant denies that either Plaintiff is entitled to any relief whatsoever.

**Demand for Jury Trial**

No response is required to the Demand for Jury Trial.

## ADDITIONAL DEFENSES

Further answering and as additional defenses, Defendant states the following. By raising the following additional defenses, Defendant does not assume the burden of proof on any issue that, as a matter of law, is Plaintiffs' burden to prove. Defendant further does not admit any allegation in the SAC except as expressly admitted in paragraphs 1 through 72, above, and expressly incorporates the admissions and denials in the paragraphs (numbered and unnumbered) above.

### FIRST DEFENSE

The SAC fails to state a claim upon which relief can be granted.

Plaintiffs' infringement allegations regarding the accused Meta Quest, Meta Quest 2, Meta Quest 3, Meta Quest 3S, and Meta Quest Pro products are set forth in a single claim chart that mixes and matches information about those products even though they are structurally and functionally distinct in multiple ways, and Plaintiffs' allegations regarding the accused Ray-Ban Meta Wayfarer, Ray-Ban Meta Skyler, Ray-Ban Meta Headliner, and Meta Ray-Ban Display products are set forth in a single claim chart with the same defect. Plaintiffs have not explained why any one, much less all, of those products practices each and every limitation of the asserted claims. As to the Oakley Meta HSTN and Oakley Meta Vanguard products, Plaintiffs

have not identified any basis for accusing those products of infringing any claim of U.S. Patent No. 8,498,439, and those products are distinct from the accused Ray-Ban products such that no Ray-Ban product can be treated as representative of them. Plaintiffs' disclosures to date therefore fail to provide Defendant sufficient notice of their infringement theories.

## SECOND DEFENSE

Defendant has not directly infringed, and is not directly infringing, any valid and enforceable claim of U.S. Patent No. 8,498,439, either literally or under the doctrine of equivalents. Defendant has not induced or contributed to, and is not inducing or contributing to, infringement of U.S. Patent No. 8,498,439 by others, either literally or under the doctrine of equivalents. By way of example only, Meta provides the following exemplary descriptions of certain reasons that Meta does not infringe any asserted claim.

The accused Meta Quest, Meta Quest 2, Meta Quest 3, Meta Quest 3S, and Meta Quest Pro products do not provide "a user specific audio service," as recited in the asserted claims, either literally or under the doctrine of equivalents, at least because they do not provide any audio services that are "user specific." They also do not include "an information processing unit" for "generating a user profile based on the current situation information of the user, [the current situation information including information about the user's surroundings,] and controlling an audio signal output of a digital audio device based on the generated user profile," as recited in the asserted claims, either literally or under the doctrine of equivalents. As an initial matter, Plaintiffs do not identify an alleged "information processing unit" separate from the alleged "information collecting unit." Further, there is no plausible basis for Plaintiffs' "user profile" assertion: nothing in U.S. Patent No. 8,498,439 supports their interpretation, and the specification describes the claimed "user profile" as a mechanism for managing a user's preferred music types of a particular situation that includes types or lists of specific situation audio that the user prefers. Plaintiffs'

apparent interpretation also directly contradicts the entire purpose of the claimed invention at least because the specification describes recognizing current situations of a user and surroundings and selecting the user's preferred music to automatically provide music by simply wearing the headset without additional interventions.

Plaintiffs also have not plausibly alleged that the accused Quest products collect the claimed current situation information under the conditions required by the asserted claims.

The accused Ray-Ban Meta Wayfarer, Ray-Ban Meta Skyler, Ray-Ban Meta Headliner, and Meta Ray-Ban Display products are not, do not comprise, and are not a material part of, a "headset for a user specific audio service," as recited in the asserted claims, either literally or under the doctrine of equivalents. First, those products are not, do not comprise, and are not a material part of, a "headset." Second, those products do not provide any audio services that are "user specific."

Those products also do not include "a sensing unit" for "sensing whether or not the headset is put on" or "an information collecting unit" for "determining whether or not the headset is put on by the sensing unit and collecting current situation information of a user when the headset is put on," as recited in the asserted claims, either literally or under the doctrine of equivalents. The alleged sensors Plaintiffs point to do not fall within the scope of those claimed units. Plaintiffs also do not identify any alleged "information collecting unit" as performing both recited functions. In addition, no information collected by cameras and microphones is "current situation information of a user," which Plaintiffs seem to improperly interpret as synonymous with "information about the user's surroundings."

Those products further do not include "an information processing unit" for "generating a user profile based on the current situation information of the user, [the current situation information including information about the user's surroundings,] and controlling an audio signal output of a digital audio device based on the generated user profile," as recited in the asserted claims, either literally or under the doctrine of

equivalents. As an initial matter, Plaintiffs do not identify an alleged "information processing unit" separate from the alleged "information collecting unit." Further, Plaintiffs' apparent position regarding "user profile" contradicts the specification's description of the claimed "user profile." Neither the accused glasses nor the Meta AI app is capable of selecting audio for playback, and Plaintiffs have not plausibly alleged that those products, as opposed to a connected streaming app, perform the accused function of song selection. Plaintiffs' interpretation also directly contradicts the entire purpose of the claimed invention at least because it requires user intervention, at least by way of a voice command, whereas the specification describes automatically providing music by simply wearing the headset without additional interventions.

The Oakley Meta HSTN and Oakley Meta Vanguard products are distinct from the accused Ray-Ban products, such that no Ray-Ban product can be treated as representative of them, and they do not infringe for at least the same reasons.

To the extent the asserted claims are not invalid, the accused Meta Orion augmented reality prototype does not infringe. First, it is not a product; it is a prototype that has never been and will never be offered for sale. Plaintiffs have not plausibly alleged that Orion satisfies the claimed "headset for a user specific audio service," "sensing unit," "information collecting unit," or "information processing unit" limitations, including the requirements of generating the claimed user profile and controlling audio output based on that profile.

The Orion prototype is not, does not comprise, and is not a material part of, a "headset for a user specific audio service," as recited in the asserted claims, and does not provide any audio services that are "user specific." Plaintiffs' interpretation of the claimed control of an audio signal output directly contradicts the entire purpose of the claimed invention at least because it requires the user to interact with a virtual element.

Plaintiffs' inducement allegations fail at least because the asserted claims are system claims, and the only alleged acts of direct infringement by others are uses of the accused products. There is no direct infringement upon which indirect infringement can be based at least because the accused products do not satisfy the limitations of any asserted claim. Defendant did not and does not intend to induce infringement or the knowledge of infringement required for Plaintiffs' indirect infringement allegations, and the accused products have substantial non-infringing uses that are unrelated to the accused functionality. Defendant has further identified non-infringing alternatives to the subject matter Plaintiffs claim. As to contributory infringement, Plaintiffs do not identify any product other than the accused products that allegedly directly infringes the asserted claims, much less explain why the accused products are a component of any such other product constituting a material part of the claimed invention, especially made or especially adapted for infringing use, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

## THIRD DEFENSE

Each and every claim of U.S. Patent No. 8,498,439 is invalid and/or unenforceable for failure to satisfy one or more conditions of patentability, including, without limitation, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or under the doctrine of non-statutory obviousness-type double patenting.

Solely for purposes of this defense, and without admitting that any asserted claim is entitled to that date, Defendant assumes the July 20, 2007 priority date alleged by Plaintiffs. Based on the information obtained to date, Defendant identifies prior art references that anticipate and/or render obvious the asserted claims under pre-AIA 35 U.S.C. sections 102 and 103, including, without limitation, U.S. Publication Nos. 2003/0236625 (Brown), 2006/0210058 (Kock), 2006/0233413 (Nam), 2007/0040892 (Aoki), 2007/0098195 (Holmes), 2007/0147629 (Chiloyan), 2007/0186756 (Sano), 2007/0281762 (Barros), 2007/0286350 (Krause),

2008/0080705 (Gerhardt), and 2008/0240458 (Goldstein); U.S. Patent Nos. 7,700,867 (Sano), 8,368,794 (Sako), 8,517,912 (Clare), 8,559,621 (Gerhardt), and 9,122,082 (Abreu); European Publication No. 1798729 (Sano); International Publication No. WO 2006/108793 (Bertges Reber); Japanese Publication No. 2004364283 (Matsuura); and Korean Publication Nos. 10-0677583 (Oh) and 20020060496 (J.H. Kim). Defendant also incorporates by reference all prior art references cited on the face of U.S. Patent No. 8,498,439 and in its prosecution history. To the extent any such reference does not anticipate an asserted claim, that reference, either alone or in combination with the knowledge of a person having ordinary skill in the art and/or the other references identified above, renders the claim obvious. Based on the information obtained to date, Defendant is not aware of any secondary considerations that contradict the obviousness of the asserted claims in view of the prior art.

Based on the information obtained to date, Defendant contends that the asserted claims are invalid under 35 U.S.C. section 101 for at least the following reasons. The claims recite a "headset" that essentially performs four functions: determining that a user has put on the headset; collecting "current situation information"; generating a profile for the user based on such information; and controlling audio output for the user based on that profile. Those steps, which can be and have long been performed by a human, are just a combination of the abstract ideas of collecting information, analyzing information, and outputting the results of that analysis, and the claims are directed to the abstract processes themselves without reciting an inventive concept. The claims invoke generic computing components merely as a tool for carrying out the recited functions: the specification describes both "a sensing unit" and "an information collecting unit" as being "one of a temperature sensing unit, a light sensing unit, an acceleration sensing unit, a gyro sensing unit, a pressure sensing unit, a skin conductivity sensing unit, and a pulse sensing unit," and the patent does not disclose anything non-generic, unconventional,

or inventive about the structure, configuration, or use of any such component. For "an information processing unit," the specification does not disclose any corresponding structure; the patent merely says what functions that unit is required to perform, and neither the claims nor the specification explain what it is or how it performs the recited functions. In addition, the asserted claims do not purport to improve the functioning of a computing device or seek to solve a problem rooted in computer technology; according to the specification, the purpose of the claimed invention is simply to improve user experience by "automatically provid[ing] a user preferred audio service without user's particular intervention or selection." As demonstrated in Defendant's Invalidity Claim Charts, every element of the asserted claims was well-understood, routine, and/or conventional at the time of the purported invention.

Based on the information obtained to date, Defendant contends that the asserted claims are invalid under pre-AIA 35 U.S.C. section 112, paragraph 1, at least because there is nothing in the specification of U.S. Patent No. 8,498,439 from which a person having ordinary skill in the art could reasonably conclude that the inventors had possession of, or that would instruct such a person how to practice, at least the following limitations: "collecting current situation information of a user"; "information about the user's surroundings"; "information processing unit"; and "generating a user profile based on the current situation information."

Based on the information obtained to date, Defendant contends that the asserted claims are also invalid under pre-AIA 35 U.S.C. section 112, paragraph 2, at least because U.S. Patent No. 8,498,439 fails to specify with reasonable certainty the scope of at least the following limitations: "user specific audio service"; "an information collecting unit determining whether or not the headset is put on by the sensing unit"; "current situation information"; "information about the user's surroundings"; "information processing unit"; and "user profile." Defendant further contends that the limitations "sensing unit," "information collecting unit," and

"information processing unit" are governed by pre-AIA 35 U.S.C. section 112, paragraph 6.

**FOURTH DEFENSE**

Plaintiffs' claim for damages, if any, is statutorily limited by the provisions of 35 U.S.C. §§ 286 and/or 287.

Defendant first became aware of the '439 Patent, the '710 Application, the '459 PCT Application, and the '913 Korean Application on or around June 30, 2025, when Perceptix filed this lawsuit. On or around June 26, 2025, Perceptix sent a letter identifying the '439 Patent via FedEx to Jared Strumwasser of Meta's legal department at his office address; on information and belief the letter was delivered on or around June 27, 2025, but Mr. Strumwasser did not receive or review the letter until on or about July 7, 2025. That letter, sent two business days before Perceptix filed suit, is legally insufficient to provide pre-suit notice of the patent. Defendant therefore received notice of the '439 Patent no earlier than on or around June 30, 2025, and Plaintiffs' damages, if any, are limited accordingly.

**FIFTH DEFENSE**

Plaintiffs are estopped by virtue of prior art or conduct and representations during prosecution of U.S. Patent No. 8,498,439 from presenting an interpretation of the claims necessary to find infringement by Meta.

Defendant incorporates its Second Defense by reference. Plaintiffs' apparent interpretation of the asserted claims is inconsistent with the claim language and specification of U.S. Patent No. 8,498,439 and directly contradicts the purpose of the claimed invention, at least for the reasons set forth in the Second Defense.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by equitable and/or judicial estoppel.

Defendant incorporates its Second and Fifth Defenses by reference. This defense is based, at least in part, on Plaintiffs' apparent interpretation of the asserted

claims in a manner inconsistent with the patent's claim language, specification, and purpose, as described in those defenses.

## SEVENTH DEFENSE

Defendant has a license to engage in the allegedly infringing activity, at least because such activity involves the use of products that are licensed under the "Exclusive Patent License Agreement" between Perceptix and ETRI, executed June 3, 2025 (Dkt. 75-2, "Perceptix/ETRI License"), and amended September 2, 2025, and April 7, 2026.[2]

For example, the Perceptix/ETRI License includes [redacted] Dkt. 75-2, § 2(d), where [redacted] Meta qualifies as a [redacted]—which is equivalent to a non-

[2] *See* Dkts. 75-3 & 84-2.

exclusive license[3]—at least because its allegedly infringing products and/or activities involve the use of one or more products that qualify as a [redacted] For example, Plaintiffs' infringement allegations with respect to the accused "Ray-Ban Meta AI glasses" and "Oakley Meta AI glasses," as defined in paragraph 34 of the SAC, are dependent on those products' inclusion and use of [redacted].

The Perceptix/ETRI License also includes [redacted] Dkt. 75-2, § 2(e), where [redacted] Meta qualifies as an [redacted]—which is equivalent to a non-exclusive license[4]—at least because its allegedly infringing products and/or activities involve the use of one or more products that qualify as an [redacted] For example, Plaintiffs' infringement allegations with respect to the accused "Ray-Ban Meta AI glasses" and "Oakley Meta AI glasses," as defined in

[3] *See, e.g.*, *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009) ("this court and its predecessors have on numerous occasions explained that a non-exclusive patent license is equivalent to a covenant not to sue"); *id*. at 1276 ("The real question, then, is not whether an agreement is framed in terms of a 'covenant not to sue' or a 'license.' That difference is only one of form, not substance.").

[4] *See, e.g.*, *TransCore*, 563 F.3d at 1275–76.

paragraph 34 of the SAC, are dependent on those products' inclusion and use of an [redacted].

Defendant reserves the right to assert that it possesses and/or could obtain a license to U.S. Patent No. 8,498,439 under one or more of [redacted] based on information that may become available regarding [redacted] through discovery or otherwise. *See* Dkt. 98 (Order Granting-in-Part and Denying-in-Part Defendant's Motion to Dismiss for Lack of Standing or, in the Alternative, to Join a Necessary Party) at 5 [redacted]

## RESERVATION OF RIGHTS

Defendant specifically reserves the right to assert any and all defenses, affirmative or otherwise, that may become available through information developed in discovery or otherwise.

## DEFENDANT'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a jury for all issues and claims so triable.

## DEFENDANT'S PRAYER FOR RELIEF

Wherefore, Defendant seeks the following relief:

A. Dismissal of the SAC with prejudice;

B. Denial of all remedies and relief sought by Plaintiffs; and

C. The Court enter the following judgments: (1) declaring this case to be exceptional under 35 U.S.C. § 285; (2) awarding Defendant its reasonable attorneys' fees and costs incurred in the defense of this action and any related action; and (3)

awarding Defendant such other and further relief as the Court may deem just and proper.

Dated: October 13, 2026

**ASHURST PERKINS COIE US LLP**

*/s/ Sarah E. Piepmeier*

Sarah E. Piepmeier, Bar No. 227094
sarah.piepmeier@ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000

Sarah E. Fowler, Bar No. 264838
sarah.fowler@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300

Theresa H. Nguyen, Bar No. 284581
RNguyen@perkinscoie.com
Jessica J. Delacenserie, *pro hac vice*
jessica.delacenserie@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

Courtney M. Prochnow, Bar No. 292093
courtney.prochnow@ ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
633 S. Fifth Street, Suite 5850
Los Angeles, California 90071-3537
Telephone: +1.310.788.9900

*Attorneys for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, I caused an unredacted version of the foregoing document to be served via email to all counsel of record for Plaintiffs:

**ORBIT IP LLP**

David A. Randall, dave@orbitip.com

Paul G. Novak, paul@orbitip.com

Ehab M. Samuel, esamuel@orbitip.com

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier